## HENRY C. MEADE *et al.*

*v.*

## JOEL K. FINLEY.

1. JUDICIAL SALE—*setting same aside at instance of the purchaser.* Where the plaintiff in an execution procured a sale of real estate of the defendant, to be made thereunder, and himself became the purchaser, filed his bill in chancery to set aside the sale, on the alleged ground that the defendant had a homestead right in the premises, and were therefore not subject to sale; in answering the bill, the defendant disclaims having any right of homestead in the premises, and it not appearing that any homestead right did exist, the bill was properly dismissed.

2. While the court might properly have directed the defendant in such case to bring into court a deed of release of homestead in support of his answer, it had no right to require the complainant to accept such deed in discharge of any real or supposed liability on the part of the defendant; this should be left optional with them.

APPEAL from the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

The opinion states the case.

Mr. B. B. SMITH, for the appellants.

Messrs. O'MELVENY & MERRITT, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a bill in chancery, brought to set aside a sale of real estate, under a judgment and execution in favor of com· plainants, and against the defendant, on the ground that the property, which was purchased by the complainants, was subject to a homestead right in favor of defendant, and therefore not subject to sale. The defendant answered, denying that he was entitled to a homestead in the premises, and disclaiming all such right. It appears from the record that the cause was referred to a master, and testimony was taken by him and reported to the court, but neither the testimony nor the master's report is incorporated in the record. It does not therefore appear whether, as a matter of fact, the premises were subject to a homestead right or not. The court dismissed the bill, at the same time decreeing that the complainants should accept from the defendant a quit-claim deed in discharge of all liability. The complainants appealed, and assign both these orders for error.

So far as appears in the record, the order dismissing the bill was clearly right. The disclaimer by the defendant of all homestead right would be binding upon him, and relieve the title of all cloud on that ground, so far as his rights are concerned, supposing a homestead right to have existed. If he has a wife, there would be a question whether her rights would be waived by his disclaimer, but it does not

appear that he has one, or, as already remarked, that a homestead right existed at all. This record, therefore. shows no facts entitling the appellants to relief, and the order dismissing the bill was proper.

The order requiring the complainants to accept a deed from defendant, in discharge of the liability of the latter, was improperly made. The court might properly have required the defendant to bring into court a deed of release of homestead in support of his answer, but had no right to require the complainants to accept it in discharge of any real or supposed liability on the part of defendant. This should have been left optional with them. It is not apparent how that order will prejudice the complainants, but as they complain of it here, that order is set aside, and the residue of the decree, dismissing the bill, will stand.

*Decree modified.*